# WILLIAM A. SNYDER v. WALDORF BOX BOARD COMPANY.[1]

November 25, 1910.

Nos. 16,775—(129).

**Second trial — law of the case.**

The evidence at the second trial is substantially the same as that given at the first trial, and the decision rendered on the former appeal (110 Minn. 40), became the law of the case, and it was a question of fact on the evidence whether or not plaintiff was guilty of contributory negligence or assumed the risk.

After the former appeal (110 Minn. 40, 124 N. W. 450) the case was remanded to the district court for Ramsey county and tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $2,500. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*P. J. McLaughlin,* for appellant.
*W. R. Duxbury,* for respondent.

LEWIS, J.

On the former appeal this court was of opinion that the evidence was not conclusive that respondent assumed the risk or was guilty of contributory negligence, and ordered a new trial. Respondent

[1]Reported in 128 N. W. 468.

---

[Note] As to conclusiveness of prior decisions on subsequent appeals, see note in 34 L.R.A. 321.

having recovered a verdict upon the new trial, appeal was taken from an order denying the motion for judgment notwithstanding the verdict. Appellant now insists that the evidence at the second trial was substantially different, conclusively establishing respondent's contributory negligence and that he assumed the risk.

At the second trial the trial court was of opinion that the evidence did not differ materially from that given at the first trial, and consequently, in accordance with the decision, submitted the question to the jury. We are all agreed that respondent's statement of his conduct given at the second trial does not materially differ from the statement made at the first trial, and a majority of the court are of the opinion that the decision on the first appeal became the law of the case, and the order appealed from is accordingly affirmed.

Speaking for myself, I am compelled to dissent from the conclusion of the majority, for the reason that in my opinion it conclusively appears from respondent's own story at both trials that he was guilty of contributory negligence and assumed the risk. I am not satisfied to accept the decision on the former appeal as the law of the case, simply because the evidence was substantially the same at the second trial. While I assented to the conclusion reached at the former trial, I was laboring under a misapprehension of the facts, and understood that respondent was about to shift his position when he slipped. A re-examination of the record convinces me that he deliberately stopped in front of the cogwheels and journal, and examined them and discovered they were running hot, and that the journal needed wiping, and that he took the waste in his hand and raised his arm for the purpose of reaching over and wiping the journal from the position where he then stood, and that his feet slipped after he had raised his arm in the execution of his purpose. He had a fixed purpose to wipe the journal at the time he raised his arm and began to reach forward. The act began at that time, and he knowingly and purposely placed his hand in a dangerous position, and if he slipped while in that position, but before he actually reached the journal, in my mind he took the risk of so doing to the

same extent as though he had actually come in contact with the journal.

JAGGARD, J., took no part.